```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                  ASHEVILLE DIVISION
                   1:05CV292-MU-02
```

```
WILLIE JAMES WILLIAMS,   )
     Plaintiff,           )
                          )
        v.                )
                          )
BOYD BENNETT, Director of )
  North Carolina Depart-  )
  ment of Corrections;    )
THEODIS BECK, Secretary   )
  Of the North Carolina   )
  Department of Correc-   )
  tions; and              )
DAVID MITCHELL, Super-    )
  intendent of Mountain   )
  View Correctional       )
  Institution,            )
     Defendants.          )
_____)
```

**THIS MATTER** comes before the Court on initial review of the plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed August 24, 2005. After careful consideration, for the reasons stated herein, the plaintiff's Complaint will be <u>dismissed</u>.

The plaintiff is an inmate who currently is being housed at the Mountain View Correctional Institution ("MVCI" hereafter). By his Complaint, the plaintiff sets forth several complaints about the conditions at his facility.

For instance, the plaintiff complains that MVCI is now engaging in the practice of "double-bunking" or assigning two men

per cell, and is "justif[ying] that practice by including the square footage around the cell in its calculation of available space; that the facilities are inadequate to accommodate the number of inmates which are being housed at that facility; that such overcrowding has caused a shortage of prison jobs, which shortage "denies [certain] inmates access to the "gain time available to similar inmates incarcerated at less crowded institutions"; that MVCI is not enforcing its "smoking control" policy; and that the overcrowding at MVCI "will make orderly evacuation during an emergency impossible."

By way of relief, the plaintiff asks the Court to award him monetary damages in the amount of $90,000 as compensation for the excessive noise levels, stress and second had smoke which is in the prison. The plaintiff also is seeking an injunction against the policy of double-bunking, and an order that the facility have to undergo "audio-testing to quantify the decibel-levels at this institution." Although the Court is not entirely unsympathetic to the plaintiff's concerns, the instant Complaint still must be <u>dismissed</u>.

First, the plaintiff has named Boyd Bennett and Theodis Beck, the Director of Prisons and the Secretary of the Department of Corrections, respectively, as defendants to this action. Notably absent from his Complaint, however, is a single allegation by the plaintiff that either of these two officials were

2

personally involved in the decisions that led to the matters about which he complains.  Therefore, inasmuch as it is well settled that the doctrine of respondeat superior generally is inapplicable in the §1983 context, and the plaintiff has not alleged anything which would defeat the application of this general rule, this Complaint must fail against these two defendants.

Second, with regard to defendant Mitchell, the plaintiff's Complaint still cannot prevail.  That is, while the plaintiff does set forth matters over which this defendant arguably could be held responsible, he fails to allege that he has suffered a constitutionally significant harm as a result of the challenged conditions.

For instance, the plaintiff complains about "double-bunking" and the potential hazards which he believes can result from that practice, but does not allege that he has experienced those hazards.  Thus, since the Supreme Court has concluded that double-bunking does not, per se, amount to an Eighth Amendment violation, the petitioner cannot state a claim for relief on the facts as herein alleged.

The plaintiff also complains that inmates are allowed to smoke in violation of the "smoking control" policy, but does not allege that he is personally being exposed to such second-hand smoke.  Moreover, even assuming such exposure, the plaintiff has

failed to allege facts which can support an inference that the level of his exposure will endanger his future health, or that such exposure violates current standards of decency.

Most critically, the plaintiff has failed to allege any facts to suggest that his exposure is the result of deliberate indifference on the part of defendant Mitchell. Accordingly, the plaintiff's allegations falls far short of stating a constitutional claim. See Helling v. McKinney, 509 U.S. 25, 35-36 (1993).

The plaintiff also complains that the overcrowding can cause a job shortage which will deny certain inmates the opportunity to earn "gain time." Critically, however, the plaintiff has not alleged that he is such an inmate. More problematic for the plaintiff, even assuming that he does fall into that particular category of inmates, there simply is no constitutional right to employment in prison. See generally, O'Bar v. Pinion, 953 F.2d 74, 84 (4th cir. 1991) (North Carolina laws do not create liberty interest in work or work release).

Likewise, the plaintiff's claim of excessive noise also must fail. Indeed, the plaintiff's general complaint about noise does not rise to the level of implicating a deprivation of a basic human need such as food, warmth or exercise. Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991). In addition, such allegation is not sufficient to support of finding of a serious

4

or significant physical or emotional injury resulting from the challenged condition.  <u>Strickler v. Waters</u>, 989 F.2d 1375, 1380 (4th Cir. 1993).

Based upon the foregoing, then, the Court finds that the instant Complaint lacks an arguable basis in law.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>accord</u> <u>Cochran v. Morris</u>, 73 F.3d 1310, 1316 (4th Cir. 1996).

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's Complaint is **DISMISSED** for his failure to state a constitutional claim for relief.  28 U.S.C. §1915(A)(b)(1).

**SO ORDERED.**

5

**Signed: September 13, 2005**

Graham C. Mullen
Chief United States District Judge