IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV292-MU-02

| | |
|---|---|
| WILLIE JAMES WILLIAMS, | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) |
| | ) |
| BOYD BENNETT, Director of | ) |
|   North Carolina Depart- | ) |
|   ment of Corrections; | ) |
| THEODIS BECK, Secretary | ) |
|   Of the North Carolina | ) |
|   Department of Correc- | ) |
|   tions; and | ) |
| DAVID MITCHELL, Super- | ) |
|   intendent of Mountain | ) |
|   View Correctional | ) |
|   Institution, | ) |
|     Defendants. | ) |

**THIS MATTER** comes before the Court on the plaintiff's informal motion for reconsideration of this Court's Order of November 3, 2005 by which it dismissed the plaintiff's civil rights Complaint. For the reasons stated herein, the plaintiff's motion will be <u>denied</u>.

The plaintiff's Complaint set forth his dissatisfaction with certain conditions he allegedly was encountering at the Mountain View Correctional Institution. However, as the Court noted in its Order from which the plaintiff now is seeking relief, his Complaint failed to set forth a single allegation against

defendants Bennett and Beck.  Nor did the plaintiff set forth any allegations which could justify the imposition of liability against Bennett and Beck under the theory of <u>respondeat superior</u>. Therefore, the plaintiff could not possibly prevail against those two individuals.

Furthermore, with respect to defendant Mitchell, the court found that the plaintiff had failed to allege any facts which could have given rise to a conclusion that he had suffered constitutionally significant harm as a result of any action or inaction on the part of that defendant.  Therefore, the Court dismissed the plaintiff's Complaint.

Now, the plaintiff has returned to this Court with the instant informal motion for reconsideration.  However, the Court has now become aware that the plaintiff may not have fully exhausted his administrative remedies with respect to the allegations in his Complaint.  That is, at some point subsequent to the dismissal of the plaintiff's Complaint, the Court received its "Verified Statement" form back from the plaintiff.  Such form was not completed, that is, the plaintiff did not check any of the boxes relating to whether or not he had exhausted his administrative remedies in this case.  Rather, the form simply has a notation on it from the plaintiff's "case manager," indicating that the plaintiff had "refused to sign" or otherwise complete the form.

As a result of the foregoing, the Court finds that the plaintiff is not entitled to any reconsideration on the dismissal of his Complaint. In conclusion, the plaintiff's informal motion for reconsideration is <u>denied</u>.

**SO ORDERED.**

Signed: February 1, 2006

Graham C. Mullen
United States District Judge